UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONEL HERNANDEZ,<br><br>             Plaintiff,<br><br>    v.<br><br>J. WELCH,<br><br>             Defendant. | Case No.: 1:23-cv-01563-JLT-SKO<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 14) |

Plaintiff Leonel Hernandez is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment threat to safety claim against Defendant Welch.

**I.    INTRODUCTION**

Plaintiff's letter to the Court dated April 9, 2024, is construed to be a motion for the appointment of counsel. (Doc. 14.) Plaintiff states the "purpose for [his] letter is to express a concern" about "moving forward" in this action, and he is "not very good at the inner workings of how the law works nor how to properly file a motion." (*Id*.) He requests that counsel be appointed to assist him in pursuing his claim. (*Id*.) Plaintiff states he had written two law firms in hopes of receiving assistance, "but neither have responded back to [his] letters." (*Id*.) Plaintiff states the "few forms that [he has] filed have been with help from fellow inmates," and he "understand[s] the further this case goes the more complex it may get." (*Id*.)

**II.     DISCUSSION**

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

The Court must first evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Plaintiff's complaint has been screened and service of process efforts are presently underway. A determination of the likelihood of Plaintiff's success on the merits of his Eighth Amendment threat to safety claim against Defendant Welch is nonetheless premature. A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening. *See Porter v. Rivas*, No. 1:33-cv-00105-ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023); *see also Scally v. Velasquez*, No. 22-CV-140 JLS (MDD), 2022 WL 3325916, at *6 (S.D. Cal. Aug. 11, 2022) ("Because Defendants have yet to respond to the Amended Complaint, a determination regarding the likelihood of success on the merits or Scally's ability to prosecute this matter is premature").

The Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court finds

1  Plaintiff able to articulate his claims in light of their complexity. As noted above, Plaintiff's
2  complaint asserts a plausible Eighth Amendment threat to safety claim. Such claims are not
3  complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have
4  limited knowledge of the law, the Court does not find the issues in this case "so complex that due
5  process violations will occur absent the presence of counsel"); *see also Arroy v. Jeffries*, No. 23-
6  1129, 2023 WL 3010154, at *4 (C.D. Ill. Apr. 19, 2023) (denying motion for appointment of
7  counsel and finding "Plaintiff's failure to protect claim is not complex").

8  Plaintiff states he is "not very good at the inner workings of how the law works." (Doc. 14
9  at 1.) This is true for most prisoners and does not present an exceptional circumstance warranting
10 the appointment of counsel. *See Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL
11 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most
12 prisoners, such as lack of legal education and limited law library access, do not establish
13 exceptional circumstances supporting appointment of counsel"); *Jones v. Kuppinger*, No. 2:13-
14 cv-0451 WBS AC P, 2015 WL 5522290, at *3-*4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances
15 common to most prisoners, such as a deficient general education, lack of knowledge of the law,
16 mental illness and disability, do not in themselves establish exceptional circumstances warranting
17 appointment of voluntary civil counsel"); *Montano v. Solomon*, No. 2:07-CV-0800 KJN P, 2010
18 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying indigent plaintiff's motion for appointment
19 of counsel as failing to present an exceptional circumstance where "plaintiff has adequately
20 presented, albeit through another inmate, the salient factual allegations of this case ... as well as
21 the matters now before the court").

22 Plaintiff is advised that indigency and incarceration do not qualify as exceptional
23 circumstances warranting the appointment of counsel. *See Suarez v. Clark*, No. 1:22-cv-00160-
24 JLT-SAB (PC), 2024 WL 477982, at *1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly'
25 held incarceration's challenges on litigation do not constitute an exceptional circumstance. [] If
26 Plaintiff's incarceration was an exceptional circumstance, any prisoner would be entitled to
27 counsel"); *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan.
28 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner

3

civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

Plaintiff is further advised that the fact an attorney may be better able to perform research, investigate, and represent a plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Lopez v. Cate*, No. 1:10-cv-01773-AWI-SKO-PC, 2015 WL 2409281, at *1 (E.D. Cal. May 19, 2015) ("this case does not present 'exceptional circumstances' supporting a need for appointment of counsel to represent Plaintiff, either generally or with respect to the evidentiary hearing"); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

4

While the Court appreciates Plaintiff's efforts to secure counsel, the inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, No. 1:08-cv-00859-RTB-PCL, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

In sum, the test is not whether Plaintiff would benefit from the appointment of counsel--the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for the appointment of counsel (Doc. 14) is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 16, 2024**               /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE